UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E3A, A NON-PROFIT CORPORATION,

    Plaintiff,

v                                                    Case No. 13-cv-10277
                                                    Hon. Gershwin A. Drain

BANK OF AMERICA, N.A., *et al.*,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [#6]

**I.    INTRODUCTION**

Presently before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order, filed on February 28, 2013. Plaintiff seeks an order from this Court enjoining state court eviction proceedings in the 36th District Court, Detroit, Michigan. Plaintiff, E3A, a non-profit Michigan corporation, filed the instant action against Defendants, Bank of America, N.A. and Bank of New York, alleging that Defendants breached a Purchase Agreement to purchase property located at 19311 Woodston Street, Detroit, Michigan (the "Property").

On January 29, 2013, Defendants filed a Motion to Dismiss. Plaintiff has failed to respond to this motion and the time for filing a response has expired under this Court's local rules. *See* E.D. Mich. L.R. 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). Upon review of Plaintiff's Motion for Temporary Restraining Order, Complaint and Defendant's Motion to Dismiss, the Court concludes that Plaintiff has failed to establish a likelihood of success on the merits. Thus, the Court denies Plaintiff's Motion for

Temporary Restraining Order.

## II.      FACTUAL BACKGROUND

On January 3, 2007, Rolondo Campbell ("Campbell") obtained a loan in the amount of $371,500.00 from Decision One Mortgage Company that was secured by a mortgage on the Property. *See* Def.'s Mot., Ex. A. The Mortgage was recorded with the Wayne County Register of Deeds on January 22, 2007, in Liber 45865, page 356. *Id.* Mortgage Electronic Registration Systems ("MERS") was designated as the mortgagee. Campbell defaulted on the loan and foreclosure followed, after which MERS purchased the property at a sheriff's sale held on October 31, 2007. *Id.*, Ex. B. The sheriff's deed was recorded with the Wayne County Register of Deeds on November 17, 2007 in Liber 46864, pages 261-65. *Id.* On November 15, 2007, MERS quit claimed the Property to Defendant, Bank of New York, as Indenture Trustee, for the benefit of the CWABS, Incs. Asset Back Notes, S. *Id.*, Ex. C.

Thereafter, Plaintiff entered into a purchase agreement executed by Campbell and an agent for Defendant, Bank of America, to buy the Property on September 17, 2009 for the sum of $83,500.00 via a short sale. Compl., ¶ 5, Ex. A. Campbell is the President of E3A. The Purchase Agreement indicates that Reginald Perryman of Ritz Realty received earnest money from E3A as the escrow agent for Bank of America. *Id.*, Ex. B. The purchase agreement contains an addendum executed by Campbell and Bank of America which states: "Time is of the essence with respect to all dates specified in the Agreement and any addenda, riders or amendments thereto" and sets October 15, 2009 as the date by which the sale must occur. *Id.*

Plaintiff asserts three claims in the Complaint: (1) breach of contract, count I; (2) quiet title, count II; and (3) unjust enrichment, Count III. Plaintiff claims that E3A paid $10,000.00 in earnest

money as consideration for the purchase agreement and that Defendants breached the agreement by failing to close on the sale despite the fact that Plaintiff was ready, willing and able to close with Defendant at the appointed time. *Id.*, ¶¶ 6-7, 9. Plaintiff further asserts that Defendants have refused to return the earnest money deposit or consummate the short sale pursuant to the purchase agreement. *Id.*, ¶ 10.

## III.   LAW & ANALYSIS

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See University of Texas v. Camenisch*, 451 U.S. 390 (1981). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction. *See Sandison v. Michigan High School Athletic Assoc.,* 64 F.3d 1026, 1030 (6th Cir. 1995). The four factors that must be balanced and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542; *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

"None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). Preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic

tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001).

It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Here, the Court finds that Plaintiff cannot demonstrate likelihood of success on the merits.

As an initial matter, it would appear that the relief sought here, specifically that the Court stay the application of a writ of eviction in the 36th District Court, is prohibited pursuant to the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Cragin v. Comerica Mortgage Co.*, No. 94-2246, 1995 U.S. App. LEXIS 37089, at *1 (6th Cir. Oct. 24, 1995) (finding that the Anti-Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts.") However, even if the Anti-Injunction Act would not serve to prohibit the entry of a temporary restraining order, Plaintiff's claims are not likely to succeed on the merits.

A Michigan breach of contract claim requires a party to plead "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Const., Inc*., 296 Mich. App. 56, 71, 817 N.W.2d 609, 619 (2012). Express provisions for termination govern a contract and courts cannot create a contractual liability where the express intent of the parties was to terminate the agreement upon a given condition. *See Smeader v. Mason*, 341 Mich. 139, 142043, 67 N.W.2d 131, 132-33 (1954). Further, absent ambiguity, contractual interpretation begins and ends with the

actual words of a written agreement. *See Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 354; 596 N.W.ed 190 (1999). Thus, unambiguous contract language must be enforced according to the plan and ordinary meaning of its terms. *See Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 41, 47, 664 N.W.2d 776 (2004).

Here, it appears unlikely that Plaintiff can succeed on its breach of contract claim. The plain and unambiguous language in the purchase agreement provides that:

> 7. Time of the Essence: Closing Date
>
> (a) It is agreed that time is of the essence with respect to all dates specified in the Agreement and any addenda, riders or amendments thereto, meaning that all deadlines are intended to be strict and absolute. The Agreement shall terminate automatically, and without notice, if its not concluded by the Closing Date, or any extension thereof.
>
> (b) The closing shall take place on or before 10 15 2009, or within five (5) calendar days of final loan approval by the lender, whichever is earlier ("Closing Date"), unless the Closing Date is extended in writing signed by the Seller and the Buyer, or extended by the Seller under the terms of the Agreement. The closing shall be held in the offices of the Seller's attorney or agent, or at a place so designated and approved by the Seller, unless otherwise required by applicable law. If the closing does not occur (through no fault of Seller) by the date specified in this Section 7 of this Addendum or in any extension, the Agreement automatically terminates and the Seller shall retain any earnest money deposit as liquidated damages.

*See* Compl., Ex. B at 24. Thus, by the plain terms of the purchase agreement, the agreement automatically terminated on October 15, 2009 when the closing did not occur by that date. Plaintiff fails to allege that the parties had agreed to an extension of the closing date, nor has Plaintiff submitted any documents suggesting that the parties extended the closing date.

Similarly, it does not appear that Plaintiff will succeed on the merits relative to the quiet title claim. In an action to quiet title, "the plaintiff has the burden of proof and must make out a prima

facie case of title. Once the plaintiff makes out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Co. Road Comm.*, 236 Mich. App. 546, 550, 600 N.W.2d 698 (1999). In order to state a claim for quiet title, Plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." M.C.R. 3.411(B)(2). Plaintiff's Complaint fails to allege any chain of title giving Plaintiff an interest in the Property, let alone a chain of title that establishes a superior claim of ownership in Plaintiff's favor. The basis for this claim is Plaintiff's contention that Defendants breached the terms of the purchase agreement, however Plaintiff fails to allege Plaintiff's full performance under the purchase agreement. For instance, Plaintiff does not assert that it tendered the full purchase price to Defendants. Based on the allegations in the Complaint, the Court cannot conclude that Plaintiff has a likelihood of success on the merits of this claim.

Lastly, it appears that Plaintiff's unjust enrichment claim will ultimately be unsuccessful. Where a contract governs the relationship of the parties, a cause of action for unjust enrichment will not be recognized. *See Joseph v. JPMorgan Chase Bank*, No. 12-cv-12777, 2013 U.S. Dist. LEXIS 8285, at *13 (E.D. Mich. Jan. 22, 2013). Here, the purchase agreement governs the parties relationship, therefore under the plain and unambiguous language, Defendants were authorized to retain Plaintiff's earnest money deposit if the closing did not occur by October 15, 2009.

Thus, based on the foregoing, Plaintiff's entitlement to the extraordinary remedy of a temporary restraining order has not been demonstrated. The Court is mindful of Plaintiff's argument that he will face irreparable harm if the temporary restraining order is not entered, however

Plaintiff's motion states only that Defendants will attempt to execute the writ of eviction on or after Friday, February 28, 2013. Thus, Plaintiff's open ended assertions do not demonstrate that Plaintiff will suffer irreparable and imminent injury. Further, Plaintiff does not adequately address the last two factors this Court must consider, specifically the harm to others and the public's interest in the issuance of a temporary restraining order. However, because Plaintiff cannot establish a likelihood of success on the merits, the extraordinary relief of a temporary restraining order is not justified under the circumstances.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Motion for Temporary Restraining Order [#6] is DENIED.

SO ORDERED.

Dated: March 1, 2013                                           s/Gershwin A. Drain
                                                               GERSHWIN A. DRAIN
                                                               United States District Judge