UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E3A, A NON-PROFIT CORPORATION,

        Plaintiff,

v                                     Case No. 13-cv-10277
                                     Hon. Gershwin A. Drain

BANK OF AMERICA, N.A., *et al.*,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#4], CANCELLING
APRIL 16, 2013 HEARING AND DISMISSING ACTION**

## I.    INTRODUCTION

Plaintiff, E3A, a non-profit Michigan corporation, filed the instant action against Defendants, Bank of America, N.A. and Bank of New York, alleging that Defendants breached a Purchase Agreement to purchase property located at 19311 Woodston Street, Detroit, Michigan (the "Property").

Presently before the Court is Defendants' Motion to Dismiss the Complaint, filed on January 29, 2013. Plaintiff did not file a Response to Defendants' pending motion until March 7, 2013. Upon review of the Complaint, Motion to Dismiss, Response in Opposition and Reply, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending motion on the briefs and cancels the hearing scheduled for April 16, 2013. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss.

## II.    FACTUAL BACKGROUND

On January 3, 2007, Rolondo Campbell ("Campbell") obtained a loan in the amount of $371,500.00 from Decision One Mortgage Company that was secured by a mortgage on the Property.  *See* Def.'s Mot., Ex. A.  The Mortgage was recorded with the Wayne County Register of Deeds on January 22, 2007, in Liber 45865, page 356.  *Id*.  Mortgage Electronic Registration Systems ("MERS") was designated as the mortgagee.  Campbell defaulted on the loan and foreclosure followed, after which MERS purchased the property at a sheriff's sale held on October 31, 2007.  *Id*., Ex. B.  The sheriff's deed was recorded with the Wayne County Register of Deeds on November 17, 2007 in Liber 46864, pages 261-65.  *Id*.  On November 15, 2007, MERS quit claimed the Property to Defendant, Bank of New York, as Indenture Trustee, for the benefit of the CWABS, Incs. Asset Back Notes, S.  *Id*., Ex. C.

Thereafter, Plaintiff entered into a purchase agreement executed by Campbell and an agent for Defendant, Bank of America, to buy the Property on September 17, 2009 for the sum of $83,500.00 via a short sale.  Compl., ¶ 5, Ex. A.  Campbell is the President of E3A.  The Purchase Agreement indicates that Reginald Perryman of Ritz Realty received earnest money from E3A as the escrow agent for Bank of America.  *Id*., Ex. B.  The purchase agreement contains an addendum executed by Campbell and Bank of America which states: "Time is of the essence with respect to all dates specified in the Agreement and any addenda, riders or amendments thereto" and sets October 15, 2009 as the date by which the sale must occur.  *Id*.  Lastly, the Agreement states that if the sale does not occur by October 15, 2009, Bank of America was entitled to keep Plaintiff's earnest money deposit for failure to close by that date.  *Id*.

Plaintiff asserts three claims in the Complaint: (1) breach of contract, count I; (2) quiet title,

count II; and (3) unjust enrichment, Count III.  Plaintiff claims that E3A paid $10,000.00 in earnest money as consideration for the purchase agreement and that Defendants breached the agreement by failing to close on the sale despite the fact that Plaintiff was ready, willing and able to close with Defendant at the appointed time. *Id.*, ¶¶ 6-7, 9.  Plaintiff further asserts that Defendants have refused to return the earnest money deposit or consummate the short sale pursuant to the purchase agreement. *Id.*, ¶ 10.

## III.    LAW & ANALYSIS

### A.    Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id.* (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

### B.    Defendants' Motion to Dismiss

#### 1.    Breach of Contract

A Michigan breach of contract claim requires a party to plead "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Const., Inc*., 296 Mich. App. 56, 71, 817 N.W.2d 609, 619 (2012).  Express provisions for termination govern a contract and courts cannot create a contractual liability where the express intent of the parties was to terminate the agreement upon a given condition. *See Smeader v. Mason*, 341 Mich. 139, 142043, 67 N.W.2d 131, 132-33 (1954).  Further, absent ambiguity, contractual interpretation begins and ends with the actual words of a written agreement. *See Henderson v. State Farm Fire & Cas. Co.*, 460 Mich. 348, 354; 596 N.W.ed 190 (1999).  Thus, unambiguous contract language must be enforced according to the plan and ordinary meaning of its terms. *See Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 41, 47, 664 N.W.2d 776 (2004).

Here, the plain and unambiguous language in the purchase agreement provides that the

Purchase Agreement automatically terminated on October 15, 2009.  Specifically, the plain and unambiguous language in the purchase agreement provides that:

> 7.    <u>Time of the Essence: Closing Date</u>
>
> (a)    It is agreed that time is of the essence with respect to all dates specified in the Agreement and any addenda, riders or amendments thereto, meaning that all deadlines are intended to be strict and absolute.  The Agreement shall terminate automatically, and without notice, if its not concluded by the Closing Date, or any extension thereof.
>
> (b)    The closing shall take place on or before <u>10 15 2009,</u> or within five (5) calendar days of final loan approval by the lender, whichever is earlier ("Closing Date"), unless the Closing Date is extended in writing signed by the Seller and the Buyer, or extended by the Seller under the terms of the Agreement.  The closing shall be held in the offices of the Seller's attorney or agent, or at a place so designated and approved by the Seller, unless otherwise required by applicable law.  If the closing does not occur (through no fault of Seller) by the date specified in this Section 7 of this Addendum or in any extension, the Agreement automatically terminates and the Seller shall retain any earnest money deposit as liquidated damages.

*See* Compl., Ex. B at 24.  Thus, by its plain terms, the agreement automatically terminated on October 15, 2009 when the closing did not occur by that date.  Plaintiff fails to allege that the parties agreed to an extension of the closing date, nor has Plaintiff submitted any documents suggesting that the parties extended the closing date.  Rather, Plaintiff argues in its Response that "the seller simply stopped negotiating after it received Plaintiff's deposit and refused to attend the closing." Setting aside the fact that these assertions are not alleged in Plaintiff's Complaint, such allegations are directly contrary to the factual allegations Plaintiff has raised in the Complaint.  The Complaint states that "[a]fter some negotiation, [o]n November 27, 2009, Plaintiff caused to be delivered to Defendant an additional earnest money deposit . . . in the process of purchasing the property[.]" Compl., ¶ 7.  Thus, Plaintiff's continuing negotiations subsequent to October 15, 2009 permitted

-5-

Bank of America to retain Plaintiff's earnest money deposit.  Plaintiff's last minute attempt to change the factual allegations in the Complaint will not serve to save the breach of contract claim from Rule 12(b)(6) dismissal.  Therefore, the Purchase Agreement terminated on October 15, 2009, and Bank of America is entitled to Plaintiff's earnest money deposit.  Plaintiff has failed to allege a viable breach of contract claim and this claim is dismissed pursuant to Rule 12(b)(6).

### 2.    Quiet Title

Similarly, Plaintiff has failed to state a claim for quiet title.  In an action to quiet title, "the plaintiff has the burden of proof and must make out a prima facie case of title.  Once the plaintiff makes out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Co. Road Comm.*, 236 Mich. App. 546, 550, 600 N.W.2d 698 (1999).  In order to state a claim for quiet title, Plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  M.C.R. 3.411(B)(2).

Plaintiff's Complaint fails to allege any chain of title giving Plaintiff an interest in the Property, let alone a chain of title that establishes a superior claim of ownership in Plaintiff's favor.  The basis for this claim is Plaintiff's contention that Defendants breached the terms of the Purchase Agreement, however Plaintiff fails to allege its full performance under the Purchase Agreement.  For instance, Plaintiff does not assert that it tendered the full purchase price to Defendants.  Even if being a party to a contract for the sale of land created an equitable interest in the title, Plaintiff's failure to allege full performance with particularity precludes this Court from plausibly inferring that Plaintiff has an equitable interest in the title to the Property.  Nor does the Complaint allege that title

-6-

was transferred to Plaintiff at any point in time.  Based on the allegations in the Complaint, Plaintiff has failed to state a claim for quiet title.

### 3.    Unjust Enrichment

Lastly, Plaintiff's unjust enrichment claim ultimately fails under Rule 12(b)(6) scrutiny. Where a contract governs the relationship of the parties, a cause of action for unjust enrichment will not be recognized.  *See Joseph v. JPMorgan Chase Bank*, No. 12-cv-12777, 2013 U.S. Dist. LEXIS 8285, at *13 (E.D. Mich. Jan. 22, 2013).  Here, the Purchase Agreement governs the parties relationship, therefore under the plain and unambiguous language, Defendants were authorized to retain Plaintiff's earnest money deposit if the closing did not occur by October 15, 2009.  Plaintiff has therefore failed to state a claim for unjust enrichment.

### IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [#4] is GRANTED.  This cause of action is dismissed.

SO ORDERED.

Dated: April 11, 2013                                      s/Gershwin A. Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Judge